NORTHERN DISTRICT COURT OF GEORGIA
court Address: Richard B. Russell Federal Bldg, 75 Spring Street, SW, Atlanta, Georgia 30303

PLAINTIFFS/PETITIONERS IN PROPRIA PERSONA:

ETHEL JERALDINE MATTHEWS: WASHINGTON
and MARY LORETTA ADAMS-JENKINS

DEFENDANTS:

WELLS FARGO BANK NA
and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC
and FEDERAL HOME LOAN MORTGAGE CORPORATION aka FREDDIE MAC

And all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto.

Real Party In Interest, Intervenor:
**Ethel-Jeraldine-Matthews: Washington**
Private Bond # **RA356625748US**

Party Without an Attorney
Name: Ethel-Jeraldine-Matthews: Washington
Address: 65 Whipporwill Drive
Oxford, GA 30054
Phone Number: (770)788-8759
Email: ethelmatthews2005@yahoo.com

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AMENDED

JUN 30 2010

JAMES N. HATTEN, Clerk
By: Deputy Clerk

▲ COURT USE ONLY ▲

**TRIAL BY JURY DEMANDED**

Case No.: 1:10cv-1262-JEC
Division:



Stamp

**COMPLAINT AT LAW**
**PURSUANT TO WRONGFUL FORECLOSURE**

NOW COMES ETHEL JERALDINE MATTHEWS WASHINGTON, ET AL, Plaintiff(s), in pro se persons and relying on the Federal Rules of Civil Procedures. Fed. R. Civ. P. 8(a) to show her complaint against the Defendants as Follows:

JURISDICTION

Jurisdiction in this action at law is based on the constitution of the United States and in particular the 7th Amendment as this is a suit of common law. Jurisdiction is further invoked under the Constitution of the United States of Georgia and Particularly Article 1 Section 1 Paragraph 9 which preserves the right to trial by jury in an action at law and jurisdiction is further involved under 18 U.S.C. Sec1964.

PARTIES TO THE ACTION

The first Plaintiff in this action is Ethel Jeraldine Matthews: Washington and is a citizen of the United States and a resident of Georgia. The Plaintiff's address is as follows: 65 Whipporwill Drive, Oxford, Georgia 30054.

The second Plaintiff in this action is Mary Loretta Adams-Jenkins and is a citizen of the United States and a resident of California. The Plaintiff address is as follow: 9400 S. Hobart Blvd., Los Angeles, CA 90047.

The first Defendant in this action is Wells Fargo Home Loan, legally chartered in Sioux Falls, South Dakota d/b/a America's Serving Company whose service address is CSC-LAWYERS INCORPORATING SERVICE, 2730 Gateway Oaks Drive, Ste 100, Sacramento, CA 95833.

The next Defendant in this action is Mortgage Electronic Registration Systems Inc. believed to be chartered in Delaware, c/o Electronic Data System LLC., 3300 SW 34th Avenue, Ste #101., Ocala, FL 34477

The next Defendant in this action is Federal Home Loan Mortgage, aka FREDDIE MAC chartered in New York and having a mailing address of 2300 Windy Ridge Parkway SE, Atlant, GA 30339. Service agent to be determined later.

FACTUAL BACKGROUND

1.

The Defendant(s) have committed fraud and forgery with misrepresentation of the material facts by virtue of omitting facts related to the adverse claims made willingly and knowingly to deceive the Plaintiff(s) and conducted a wrongful foreclosure without proper due process of law.

2.

Defendant(s) must provide a Certificate of Authority pursuant to OCGA 14-2-1501 and OCGA 14-2-1502, to bring a Dispossessory action against Plaintiff(s).

3.

Defendant(s) executed an unlawful foreclosure sale on Plaintiff(s) properly pursuant to O.C.G.A. 44-14-49- because Defendant(s) were neither the owner and/or holder of the Note, or agents that were assigned Directly By the Owner and/or Holder of the Note.

4.

Plaintiff(s) is not a Tenant at Sufferance. See Rinconcito Latino, Inc. v. Eriksson, 145 Ga. App. 340 (243 SE2d 721) (1978). "Where the grantor, or his privy, in a security deed remains in possession of the premises after "***lawful***" foreclosure of the deed, he is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale, or by his privy. Price v. Bloodworth, 112 Ga. App. 558 (145 SE2d 621) (1965); Hunter v. Ranitz, 88 Ga. App. 182, 184-185 (76 SE2d 542) (1953).

5.

Now, by virtue of Defendant(s) fraudulent actions, attempts to deceive this court the laws are very specific pursuant to OCGA 23-2-52. Misrepresentation of material fact... and acted on by the opposite or innocent party, OCGA 23-2-57 fraud being subtle...may be sufficient to carry conviction and OCGA 23-2-51 actual fraud consists of any kind of artifice by which another is deceived.

6.

Georgia Rule of Civil Procedure 1.540(b) provides in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or a party's Legal representative from a final judgment, decree, order, or proceedings for the following reasons (*among others*) emphasis added... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment decree is void; This rule does not limit the power of a court to entertain action to relieve a party from judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court".

7.

Attorney's statement was a willful misrepresentation of the facts, pursuant to OCGA 23-2-51(b)... "Actual Fraud consists of any kind of artifice by which another is deceived."

8.

Plaintiff(s) is pointing out to this court that Defendant(s) do not have standing to bring this action against Plaintiff(s), and have committed fraud upon Plaintiff(s) by wrongful foreclosure, and that Defendant(s) were also attempting to commit fraud upon this court by enlisting the courts authority to seek possession of Plaintiff(s) property via a by attempting to conduct the requested hearing.

9.

The wrongful Foreclosure Sale that was conducted on Plaintiff(s) property on May 4, 2010, and the subsequent dispossessory action against Plaintiff was unlawful, improper void ab initio, and "is to be treated as invalid from the outset," for fraud against the Court.

10.

Defendant(s) has also committed fraud upon the court, in that Defendant(s) knowingly filed this dispossessory action against defendant before filing a Foreclosure Deed with the Newton County records office as required by Georgia Law.

11.

To date, Plaintiff(s) has not been able to find or locate any public record including any tax Records of filing of Foreclosure Deed, evidencing the alleged foreclosure sale of Plaintiff(s)' Property, which led to Defendant(s) filing this Dispossessory action (See Tax Record).

12.

In the Alternative, in the event that Defendant(s) have filed a foreclosure Deed, Plaintiff(s) asserts that Defendant(s) also committed fraud upon this court in that Defendant(s) knowingly commenced a Dispossessory Action with the full knowledge that Defendant(s)' foreclosure process was defective, because the foreclosure Deed that Defendant(s) would have filed (after they commenced Dispossessory Action against Plaintiff(s)), does not have the clerk of record hand written note with the words "Foreclosure" in the margin of the Recorded Deed, as required pursuant to OCGA 44-14-160.

**RELIEF REQUEST**

Plaintiff asserts counter claims of Equity as follows:

1. TORT claim pursuant to three times the value of property due to malicious intent to seize by fraud. OCGA 51-5-2, OCGA 51-1-1, 51-1-8 et seq. in the amount of $1.1M.

2. TORT claims for emotional grief and harm in the amount of $500,000.

3. TORT claims defamation of character by false reporting and false billing to credit bureaus and by falsely reporting legal notices in the newspaper, in the amount of $250,000.

4. Plaintiff(s) pray that this Court will Direct litigants to a court of equity by virtue of fraud and counter claims pursuant to OCGA 23-1-1 OGAC 23-1-7 and OCGA 23-1-5, respectively.

5. Plaintiff(s) pray that this Court will order such an award reasonable and customary for fees, commensurate with all attorney fees, court fees, and recoupment of all costs in bringing this action, as permitted by law.

6. Plaintiff(s) pray that this court, by virtue of defenses raised, dismiss the civil action as improper and frivolous with prejudice, and in the Alternative Compel Plaintiff to produce proof of claims in a jury trial.

7. In the Alternative, Plaintiff(s) moves this Court to transfer this case to U.S. Northern District Court of Georgia, Atlanta Division which is the proper jurisdiction, pursuant to GA Constitution, Art VI, Section 1, Par VIII,"...to transfer jurisdiction where the Court find it lies."

8. In the Alternative, Plaintiff(s) asserts her rights and demands a trial by Jury pursuant to the 7th and 14th Amendments of the U.S. Constitution and Article 1 paragraph XI of the Georgia Constitution.

9. Plaintiff(s) move this Court to have a stenographer/court reporter to record all proceedings in this matter, pursuant to OCGA.

Ethel-Jeraldine-Matthews: Washington
Reserving all my rights Pro Se
65 Whipporwill Drive
Oxford, GA 30054
770-788-8759